D. Victoria Baranetsky (SBN #311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Attorney for Plaintiff


ALEX G. TSE (CABN 152348)
Acting United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
ROBIN M. WALL (CABN 235690)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7071
   Fax: (415) 436-6748
   robin.wall@usdoj.gov

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING,<br><br>                               Plaintiff,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>                               Defendant. | Case No. 3:17-cv-06557-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT**<br><br>Judge:   Hon. Jacqueline S. Corley<br>Date:    March 1, 2018<br>Time:    1:30 p.m.<br><br>Complaint Filed: Nov. 13, 2018 |

Plaintiff The Center for Investigative Reporting ("CIR" or "Plaintiff") and Defendant United States Department of Justice ("DOJ" or "Defendant") respectfully submit the following joint case management statement in accordance with this Court's Order Setting Initial Case Management

-1-
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Conference and ADR Deadlines entered on November 22, 2017 (ECF 4) and the Clerk's Notice Continuing Case Management Conference dated February 6, 2018. (ECF 19.)

### 1. Jurisdiction and Service

There are no issues concerning personal jurisdiction, venue, or service of the Complaint. CIR brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552(a)(4)(B), 5 U.S.C § 552(a)(6)(C)(i), 28 U.S.C. §§ 1331 and 1436, and 5 U.S.C. §§ 701–706. All parties have been served accordingly pursuant to Fed. R. Civ. P. 4(i)(1).

### 2. Facts

On March 23, 2017, CIR submitted a FOIA request to the Department of Justice seeking information about the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") policies and procedures involving trace reports as well as aggregated information obtained from trace reports.

CIR filed this action on November 13, 2017, seeking injunctive or other appropriate relief to compel the DOJ to disclose the requested records pursuant to 5 U.S.C. § 552(a)(4)(B). (ECF 1.) DOJ filed its answer to the complaint on December 29, 2017. (ECF 13.) DOJ finished processing CIR's expedited FOIA request and disclosed responsive records to CIR on January 31, 2018 and February 2, 2018. DOJ identified, reviewed, and released 154 responsive pages, some of which were redacted.

Since the DOJ's second production on February 2, 2018, counsel for the parties have met and conferred a number of times to address questions about DOJ's production raised by plaintiff, including questions related to the scope of DOJ's search for responsive records and the basis for the DOJ's redactions. To date, no *Vaughn* Index has been provided. The parties plan to continue to meet and confer and hope to resolve the question of whether motion practice will be necessary by the date of the case management conference on March 1, 2018.

### 3. Legal Issues

Whether DOJ has met its obligations to CIR under FOIA in connection with CIR's March 23, 2017, request.  5 U.S.C. § 552(a)(6)(E)(v)(II); *see also* 28 C.F.R. § 16.5(e)(1)(iv).

### 4. Motions

If motion practice is necessary, the parties hope to agree upon a schedule for summary judgment briefing by the date of the March 1, 2018, hearing, pending the Court's approval.

CIR reserves the right to seek discovery under Fed. R. Civ. P. 56(f) after DOJ files its motion for summary judgment and supporting declarations or indices pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973).  CIR also reserves the right to move for attorney's fees if it is unable to reach an agreement with DOJ on this issue after the Court rules on the parties' dispositive motions.

DOJ reserves its right to oppose any request for discovery or attorney's fees to the extent that any such disputes arise.

### 5. Amendment of Pleadings

Neither party anticipates amending its pleadings to add or dismiss claims or defenses.

### 6. Evidence Preservation

Counsel have discussed evidence preservation and have explained this obligation to the parties.  The parties acknowledge their respective duties to preserve relevant materials in accordance with applicable rules and case law.

### 7. Disclosures

The parties agree that initial disclosures are not necessary in this case, as this is a FOIA action for which there is no need to exchange such disclosures.

### 8. Discovery

To date, no discovery has been taken by any party, and the parties do not currently anticipate that discovery will be necessary in this case.  Defendant notes that discovery is generally not

appropriate in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (stating that in FOIA "cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery"). CIR reserves the right to seek discovery pursuant to Federal Rule of Civil Procedure 56(f) after DOJ files its motion for summary judgment and accompanying papers. DOJ reserves its right to oppose any request for discovery.

**9.     Class Actions**

This case is not a class action.

**10.    Related Cases**

Undersigned counsel are unaware of any related cases pending before this Court as defined by Local Rule 3-12.

**11.    Relief**

CIR seeks injunctive relief with respect to the release and disclosure of all records responsive to its March 23, 2017 FOIA request. Defendant denies that CIR is entitled to the relief requested or to any relief whatsoever.

**12.    Settlement and ADR**

This case was assigned to the ADR Multi-Option Program, and the parties conferred about ADR processes in conformance with ADR Local Rule 3-5. An ADR phone conference was held on February 9, 2018 at 11:30AM. (ECF 20.) During this call, the parties stated that they requested to opt out of ADR because the parties have made progress in resolving the claims raised by Plaintiff and the case is not well suited to ADR resolution at this time. However, the parties also stated that they may consider ADR if they are unable to resolve all of the issues raised by Plaintiff's complaint.

**13.    Consent to Magistrate for All Purposes**

The parties consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.     Other References**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

The parties have met and conferred in an attempt to narrow, if not resolve, the legal issues remaining in this case in advance of any summary judgment briefing. The parties hope that after reviewing the DOJ's full disclosure and possible *Vaughn* index, CIR will be able to inform the DOJ whether it intends to challenge any aspect of ATF's search, the redactions made pursuant to 5 U.S.C. § 552, or the withholding of any records. No party requests bifurcation of any issues, claims, or defenses.

**16.     Expedited Schedule**

The parties believe that any issues remaining after the parties' meet-and-confer efforts can be resolved on summary judgment. The expedited trial procedure is therefore inapplicable.

**17.     Scheduling**

No scheduling has been agreed upon at this time. The parties hope to have a tentative schedule agreed upon for summary judgment briefing, if necessary, to be approved by the Court at the case management conference.

**18.     Trial**

The parties anticipate that this entire case will be resolved by the Court on summary judgment, if not prior to the case management conference.

**19.     Disclosure of Non-Party Interested Entities or Persons**

On February 21, 2018, CIR filed a Certification of Interested Entities or Persons as required by Local Rule 3-16 stating that, aside from the named parties, there is no interest to report. DOJ has not filed a Certification of Interested Entities or Persons because Local Rule 3-16 excuses

government entities or their agencies from this requirement.

**20.    Professional Conduct**

All attorneys of record have reviewed and agree to abide by the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other Matters As May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter**

The parties raise no other matters at this time.

DATED: February 22, 2018                    Respectfully submitted,

                                                       */s/ D. Victoria Baranetsky*
                                                       D. Victoria Baranetsky (SBN #311892)
                                                       1400 65th St., Suite 200
                                                       Emeryville, CA 94608
                                                       Telephone: (510) 809-3160
                                                       Fax: (510) 849-6141
                                                       vbaranetsky@revealnews.org

                                                       ATTORNEY FOR PLAINTIFF
                                                       CENTER FOR INVESTIGATIVE REPORTING

DATED:  February 22, 2018                   ALEX G. TSE
                                                       Acting United States Attorney

                                                        */s/ Robin M. Wall*
                                                       Robin M. Wall
                                                       Assistant United States Attorney

                                                       ATTORNEYS FOR DEFENDANT

**GENERAL ORDER NO. 45(X) CERTIFICATION**

I attest that I have obtained Robin W. Wall concurrence in the filing of this document.

                                                       */s/ D. Victoria Baranetsky*
                                                       D. Victoria Baranetsky