ALEX G. TSE (CABN 152348)
Acting United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
ROBIN M. WALL (CABN 235690)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7071
    Fax: (415) 436-6748
    robin.wall@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR INVESTIGATIVE REPORTING,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Case No. 3:17-cv-06557-JSC<br><br>**SECOND DECLARATION OF CHARLES J. HOUSER IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

SECOND HOUSER DECLARATION
17-CV-06557 JSC

1

# DECLARATION

1. I, Charles J. Houser, am the Chief of the National Tracing Center ("NTC") Division in the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), U.S. Department of Justice. I have served in this position since 2005.

2. The statements made in this declaration are based on knowledge that I have acquired in the performance of my official duties. I have read and am familiar with the Complaint in this action.

3. As Chief, National Tracing Center Division, I am responsible for the oversight of ATF's firearms tracing operations, various associated programs and approximately 340 personnel at the NTC in order to produce investigative leads for criminal investigations involving firearms used or suspected to have been used in crimes.

## Information Sharing Agreements

4. The NTC has developed procedures for electronically sharing the results of firearms traces with requesting law enforcement agencies.

5. A law enforcement agency can gain electronic access to the trace results that the agency initiated via ATF's eTrace system, if the law enforcement agency has signed an eTrace memorandum of understanding and has designated users authorized to access the eTrace system.

6. The eTrace system allows participating law enforcement agencies to conduct comprehensive traces of recovered crime guns and establish an information platform for developing the best investigative strategies to reduce firearms-related crime and violence.

7. The eTrace system also has a Collective Data Sharing feature that permits law enforcement agencies within a State to share trace data. Law enforcement agencies who opt in to the feature can view the trace data of all of the agencies within the State who have opted in.

8. A law enforcement agency may also share trace information with another law enforcement agency if they choose to do so, although this is not facilitated by ATF in any way other than via the Collective Data Sharing feature within eTrace.

## Scope of Search

9. The ATF conducted a reasonable search for the documents requested by plaintiff in the fourth category in its FOIA request, described by plaintiff as "Copies of any and all communications

notifying law enforcement agencies when their current or former weapons have entered or been involved in an E-Trace."

10. For routine trace requests involving a firearm traced to a purchasing law enforcement agency, the trace result is provided to the requesting law enforcement agency through the Firearms Trace Result Report. The NTC does not routinely communicate with the purchasing law enforcement agency about the trace result. However, the Trace Result Report notifies the requesting law enforcement agency that the NTC will attempt to continue the trace by contacting the purchasing law enforcement agency if asked to do so by the requesting law enforcement agency.

11. For urgent trace requests involving a firearm traced to a purchasing law enforcement agency, the NTC does routinely contact the purchaser unless instructed otherwise by the requesting law enforcement agency.

12. Consequently, there are instances in which NTC has contacted the purchasing law enforcement agency regarding a trace result.

13. Currently, the Firearms Services Section within the Law Enforcement Support Branch is the section that would contact a purchasing law enforcement agency.

14. To determine if there were any documents responsive to this request, I instructed all NTC employees, including the Firearms Services Section, to search for copies of any and all communications notifying law enforcement agencies when their current or former weapons have entered or been involved in an E-Trace.

15. No NTC employees found any documents responsive to this request.

16. According to the Firearms Services Section, the search likely did not reveal any responsive documents because such communications typically occur by telephone. Specifically, it is quicker and more effective to simply call the purchasing law enforcement agency rather than to communicate in writing. On rare occasions, the Firearms Services Section may send an email to the purchasing law enforcement agency if it is unable to reach anyone by telephone. However, no such emails were found pursuant to the above search.

**Records Produced**

17. As explained in the first declaration I submitted in this case, ATF has produced records in

whole or part (with appropriate redactions) reflecting traces of firearms to law enforcement agencies, where those records existed and could be located after a reasonable search.

18. Specifically, the search in response to plaintiff's FOIA request identified and released a spreadsheet listing a number of traces to law enforcement ownership. The spreadsheet was marked 1-33 in the agency's production to plaintiff. The spreadsheet is an internal working document that is referred to as the "Law Enforcement Trace Log," which tracks information related to certain firearm traces for which ATF personnel may investigate the subsequent disposition of a firearm. The spreadsheet was manually created and updated by ATF employees. It does not reflect a search on or production of trace records from the Firearms Trace System database, nor does it include the underlying trace records themselves.

19. Dawn Scott, Chief of the Violent Crime Analysis Branch, which analyzes trace data and prepares statistical reports for the agency, confirmed in response to plaintiff's FOIA request that the Branch has not produced any reports that address the total number of firearms recovered and traced back to former law enforcement ownership.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of June, 2018.

_____
CHARLES J. HOUSER