STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
DAVID M. DEVITO (CABN 243695)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7332
    Facsimile: (415) 436-6748
    E-mail: david.devito@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | No. 3:17-cv-06557-JSC<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING SETTLEMENT AND DISMISSAL** |

    Plaintiff The Center for Investigative Reporting ("Plaintiff") and Defendant United States Department of Justice ("DOJ") (collectively, "the Parties"), by and through their undersigned counsel, hereby enter into this Stipulation and [Proposed] Order Regarding Settlement and Dismissal ("Stipulation") as follows:

    1.    The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), a component of DOJ, shall pay to Plaintiff, in total, the amount of three hundred thousand U.S. dollars and zero cents ($300,000.00) (the "Settlement Amount") in full and complete satisfaction of Plaintiff's claims for attorneys' fees, costs, and litigation expenses under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, in the above-captioned matter. Payment of the Settlement Amount to Plaintiff shall

constitute full and final satisfaction of any and all of Plaintiff's claims for attorneys' fees, costs, and litigation expenses in the above-captioned matter, and is inclusive of any interest.  Payment of this money will be made by electronic funds transfer after notification of the Court's entry of this Stipulation and receipt of necessary information from Plaintiff in order to effectuate the payment.  ATF will make all reasonable efforts to make payment within sixty (60) days of the date that Plaintiff's counsel provides the necessary information for the electronic funds transfer and this Stipulation is approved by the Court, whichever is later, but cannot guarantee payment within that timeframe.

2.     Upon the execution of this Stipulation, Plaintiff, having received the records it requested, hereby releases and forever discharges DOJ, and its successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims and causes of action that Plaintiff asserts or could have asserted in this litigation, or which hereafter could be asserted by reason of, or with respect to, or in connection with, or which arise out of, the specific FOIA request on which this action is based, including but not limited to all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with the above-captioned litigation.

3.     The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by Plaintiff's attorney, and fully understanding the same, in settlement of this FOIA action, nevertheless elects to waive the benefits of any and all rights Plaintiff may have pursuant to the provisions of that statute and any similar provision of federal law.  Plaintiff understands that, if the facts concerning any injuries, liability for damages pertaining thereto, or liability for attorneys' fees, costs or litigation expenses are found hereafter to be other than or different than the facts now believed by it to be true, this Agreement shall be and remain effective notwithstanding such material difference.

4.     Execution of this Stipulation and its approval by the Court shall constitute dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(a).

5.  The Parties acknowledge that this Stipulation is entered into solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as evidence or as an admission on the part of DOJ, the United States, its agents, servants, or employees regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as an admission by DOJ regarding Plaintiff's entitlement to attorneys' fees, costs, or other litigation expenses under FOIA. This Stipulation shall not be used in any manner to establish liability for fees or costs in any other case or proceeding involving DOJ.

6.  This Stipulation is binding upon and inures to the benefit of the Parties hereto and their respective successors and assigns.

7.  If any provision of this Stipulation shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

8.  This Stipulation shall constitute the entire agreement between the Parties, and it is expressly understood and agreed that this Stipulation has been freely and voluntarily entered into by the Parties hereto. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation.

9.  The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Stipulation.

10. This Stipulation may not be altered, modified, or otherwise changed in any respect except in writing, duly executed by all of the Parties or their authorized representatives.

11. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

///

///

///

///

IT IS SO STIPULATED.

Dated: October 6, 2022

STEPHANIE M. HINDS
United States Attorney

/s/ David M. DeVito*
DAVID M. DEVITO
Assistant United States Attorney

Attorneys for Defendant

Dated: October 6, 2022

THE CENTER FOR INVESTIGATIVE REPORTING

/s/ D. Victoria Baranetsky
D. VICTORIA BARANETSKY

Attorneys for Plaintiff

\* In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that concurrence in the filing of the document has been obtained from the other Signatory.

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____      _____
HON. JACQUELINE SCOTT CORLEY
United States District Judge

STIPULATION AND [PROPOSED] ORDER REGARDING SETTLEMENT AND DISMISSAL
Case No. 3:17-cv-06557-JSC

5